IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFRED L. CROSS | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 11 - 318 -GPM |
| PAY IT FORWARD ANIMAL WELFARE | ) |
| NETWORK, INC., (PIFAWN) NON- | ) |
| PROFIT, et al, | ) |
| | ) |
|       Defendants. | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter is before the court on Defendants', Illinois Department of Agriculture, Jackie Eckert, and Thomas Jennings motion to dismiss. Plaintiff filed this action under diversity jurisdiction, and also alleging violations of 42 U.S.C. § 1983 and the Fourteenth Amendment. On October 11, 2011, the above three Defendants filed a motion to dismiss and a memorandum of law in support of the motion to dismiss pursuant to 12(b)(6) of the Code of Civil Procedure. On November 16, 2011, Plaintiff filed a response to Defendants' motion to dismiss.

      First, the Court must consider Eckert and Jennings' motion to dismiss. Eckert and Jennings' motion to dismiss is **GRANTED**. Under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F. 3d 629, 633 (7th Cir. 2007).

> The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). There is no need for

> detailed factual allegations. *Conley*, 355 U.S. at 47, 78 S. Ct. 99. However, the statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir.2007).

*Pisciotta*, 499 F. 3d at 633. Indeed, the Supreme Court has recently explained a plaintiff must plead factual content that draws a reasonable inference "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009). If the well-pleaded facts do not allow the court to infer more than a mere possibility of misconduct, then the complaint has not shown the pleader is entitled to relief. *Id., also citing* Fed. R. Civ. P. 8(a)(2).

In the instant case, the Court has examined the complaint and drawn all reasonable inferences in favor of Plaintiff. However, Plaintiff fails to make a single specific allegation of misconduct against Eckert or Jennings. As a result, the factual content does not allow for a reasonable inference either Eckert or Jennings is liable for misconduct.

The first and only factual allegation against either Eckert or Jennings comes in Plaintiff's response to the motion to dismiss, where Plaintiff alleges Eckert assured him she would investigate and take whatever steps necessary to determine the whereabouts of Plaintiff's dogs (Doc. 6). This new factual allegation is contained in a motion to dismiss and not in the form of an amended pleading. Yet assuming this fact is true, and considering it in light of Plaintiff's complaint, this still fails to allow for a reasonable inference of any possible misconduct.

It is true a complaint need not contain detailed factual allegations. However, Plaintiff is obligated to provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."

*Twombly*, 550 U.S. at 555.  In the instant case, Plaintiff alleges all the Defendants "were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants." (Doc. 1, ¶ 42).  This conclusive statement is insufficient under *Twombly*, *Iqbal*, and their progeny.  Accordingly, Eckert and Jennings' motion to dismiss pursuant to 12(b)(6) of the Code of Civil Procedure is **GRANTED**.  All claims in this action against Eckert and Jennings are **DISMISSED without prejudice**.

Next, the Court must address Illinois Department of Agriculture's motion to dismiss.  For the following reasons Illinois Department of Agriculture's motion to dismiss is **GRANTED**.

The Eleventh Amendment to the Constitution of the United States provides the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "The Supreme Court has long held that this Amendment bars federal jurisdiction over suits brought against a state." *MCI Telecomm Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323,336 (7th Cir. 2000), cert. denied, 531 U.S. 1132,148 L. Ed. 2d 802, 121 S. Ct. 896, (2001).   Indeed, the "immunity conferred on a state by the Eleventh Amendment extends to state agencies as well.  *Id*.   Yet, this immunity is not absolute and "Congress may exercise its power under the Fourteenth Amendment and thereby authorize private suits against unconsenting states." *Id*. at 337.  Of course, "[a] state may also waive its immunity from suit." *Id*.

In the instant case, there is no evidence Congress has authorized a private suit against the State of Illinois, nor has the State of Illinois waived its immunity from suit.  Therefore, Illinois Department of Agriculture's motion to dismiss is **GRANTED**.   All claims in this action against

Illinois Department of Agriculture are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

DATED: December 27, 2011

                                                                    s/ *G. Patrick Murphy*
                                                                    G. PATRICK MURPHY
                                                                    United States District Judge