IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFRED L. CROSS | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11 - 318 - GPM |
| PAY IT FORWARD ANIMAL WELFARE | ) |
| NETWORK, INC., (PIFAWN) NON-PROFIT, et al, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

There are three pending motions, filed by Plaintiff, currently before the Court. The motions are as follows: a motion for appointment of the U.S. Marshals Service to serve process, a motion for reconsideration of this Court's prior Order, and a motion to appoint counsel. The first matter this Court will consider is Plaintiff's motion for appointment of the U.S. Marshals Service to serve process on Defendants (Doc. 10). The Court may exercise discretion to appoint the U.S. Marshals Service. FED. R. CIV. P. 4(c)(3). Such an appointment will be made where personal service by a law enforcement officer appears necessary or advisable to keep the peace. *See* FED. R. CIV. P(c)(3) advisory committee note (1993).

The materials on file show that Plaintiff sent form requests for waiver of service to Defendants by certified mail on August 10, 2010 (Doc. 2). Some Defendants appeared in October 2010 (Doc. 3). There is no indication Plaintiff presented summons to the Clerk for issuance or that he attempted personal service on the remaining Defendants. *See* FED. R. CIV. P. 4(b), (e), (h). It does not appear that personal service by a member of the U.S. Marshals Service is necessary or advisable at this time. The motion (Doc. 10) is **DENIED, without prejudice**.

Secondly, this Court must address Plaintiff's motion to reconsider this Court's prior order dated December 27, 2011. The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "Under which rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *United States v. Deutsch*, 981 F. 2d 299, 200 (7th Cir. 1993).

In this case, Plaintiff's motion was filed more than ten days after the Court's December 27, 2011, Order. As such, Plaintiff's motion to reconsider must be analyzed under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides relief from judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by movant for setting aside an order or judgment must be something that could not have been employed to obtain a reversal by direct appeal. *See e.g., Bell v. Eastman Kodak Co*., 214 F.3d 798, 801 (7th Cir. 2000). Upon review of the record, the Court remains persuaded that its ruling dismissing Defendants Eckert, Jennings, and Illinois Department of Agriculture from this action (Doc.8), was correct. Therefore, Plaintiff's motion for reconsideration is **DENIED**.

Finally, this Court must consider Plaintiff's motion for appointment of counsel. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the

following inquiries: "(1) has the . . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff does not indicate whether he has made any attempt to obtain counsel. Plaintiff only states that a "paralegal who had experience in federal procedure" had been assisting him in his initial filings (Doc. 13). Accordingly, Plaintiff fails to satisfy the first step of the inquiry articulated in *Pruitt*. Moreover, at this early stage and time, the Court concludes Plaintiff appears to be competent to litigate his case. Future developments may change the Court's mind on whether counsel should be appointed or not. Plaintiff's motion for the appointment of counsel (Doc. 13) is **DENIED without prejudice**.

In conclusion, Plaintiff's motion for appointment of the U.S. Marshals Service to serve process (Doc. 10) is **DENIED**. Plaintiff's motion for reconsideration (Doc. 11) is **DENIED**. Plaintiff's motion for the appointment of counsel (Doc. 13) is **DENIED**.

Since Plaintiff made some attempt to effectuate service of process prior to this Court's first deadline, Plaintiff will be given additional time to effectuate service of process. Accordingly, **NOTICE IS HEREBY GIVEN** that this case against the remaining unserved defendants will be **DISMISSED without prejudice** by the Court for failure of Plaintiff to properly prosecute unless service is complete by **February 17, 2012**.

**IT IS SO ORDERED.**         /s/ *G. Patrick Murphy*
DATED: February 8, 2012         G. PATRICK MURPHY
                                United States District Judge