IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALFRED L. CROSS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11 - 318 -GPM |
| **PAY IT FORWARD ANIMAL WELFARE** ) | |
| **NETWORK, INC., (PIFAWN) NON-** ) | |
| **PROFIT, et al,** ) | |
| ) | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The matter before the Court is Plaintiff's motion for extension of time to serve the remaining Defendants in this case (Doc. 15). On 12/27/2011, this Court issued a Notice of Impending Dismissal for Want of Prosecution, informing Plaintiff that as of 12/27/2011, he had failed to comply with Federal Rule of Civil Procedure 4(m) (Doc. 9). Accordingly, the Court informed Plaintiff that this action would be dismissed for failure to properly prosecute unless Plaintiff took action to effectuate service of process within twenty-one days (Doc. 9). On 1/13/2012, Plaintiff filed a motion asking this Court to order that service of process be completed by the U.S. Marshal Service (Doc. 10), which this Court denied (Doc. 14). Yet, this Court gave Plaintiff one more extension to complete service process (Doc. 14).

As of today, Plaintiff has failed to comply with this Court's Orders (Docs. 9 & 14) and with the Federal Rules of Civil Procedure. The Federal Rules clearly state if a "defendant is not served within 120 days after the complaint is filed, the court . . . on its own after notice to the plaintiff -

must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m). Indeed, "[a] district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution . . . . Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonalds Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) (internal citations and quotations omitted). Unless the dismissal states otherwise, a 41(b) dismissal is on the merits and with prejudice. Fed.R.Civ.P. 41(b); *Paul v. Marberry,* 658 F.3d 702, 704 (7th Cir. 2011) Accordingly, Plaintiff's motion for extension of time to serve defendants (Doc. 15) is **DENIED**. This action is **DISMISSED without prejudice** for failure to prosecute pursuant to Fed. R. Civil P. 41.

**IT IS SO ORDERED.**

DATED: June 27, 2011

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge